McBRIDE, Judge.
Plaintiff sued defendant for a sum of money and obtained a judgment by default rendered March 7, 1960, and signed July 5, 1961. Prior to the signing of the judgment, defendant filed a rule on plaintiff to show cause why the judgment should not be recalled, rescinded, annulled and set aside, or, in the alternative, why a new trial should not be granted. A new trial was refused on the same day the judgment was signed. On October 5, 1961, defendant perfected a devolutive appeal from the judgment, and plaintiff-appellee now moves to dismiss said appeal on the ground that it was not timely taken in that the petition therefor was not filed until ninety-two days after the judgment was signed.
The appeal is to be regulated by the provisions of the Code of Civil Procedure which were effective at the time the judgment was signed. Art. 2087 thereof provides in part as follows:
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appeal-able order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.”
Article 1974 provides that the delay for applying for a new trial shall be three days, exclusive of holidays.
Appellee contends that the ninety days for taking the appeal commenced to run from the date the judgment was signed in that defendant’s motion for a new trial had already been denied when the judgment was signed, and hence the argument is made that the appeal was taken without the ninety-day period and should be dismissed.
The default judgment was rendered prior to the advent of the Code of Civil Procedure, but the judgment was not signed until the provisions thereof came into’ effect. We believe the appeal was timely taken. LSA-C.C.P. art. 2087 specifically provides that a devolutive appeal may be taken within ninety days of the expiration of the delay for applying for a new trial if no application has been made timely. No application for a new trial was filed by defendant after the signing of the judgment, and under the plain provisions of Art. 2087 the delay for appealing could not be computed except from the expiration of the delay as provided by Art. 1974. If this court were to say that the delay for appealing should be counted from the date of the judgment because of the prior denial of a new trial, it would be allowing to defendant a shorter time for taking the appeal than contemplated by Art. 2087. The judgment was signed July 5, 1961, and the delay for applying for a new trial expired July 10. The appeal on October 5, 1961, was taken within ninety days thereafter. Appeals are favored and the right to ap *723 peal should he maintained whenever possible.
The motion to dismiss the appeal is denied.
Motion denied.